UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT K. WEBB,<br><br>   Plaintiff,<br><br>   v.<br><br>BRIAN ENGLISH, LEANN IVERS, BECKER, IDOC, ASSOC WARDEN, LAMBERT,<br><br>   Defendants. | CAUSE NO. 3:24-CV-1000-CCB-AZ |

## OPINION AND ORDER

Albert K. Webb, a prisoner without a lawyer, filed a complaint. ECF 1-3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Webb alleges he was playing basketball in the gymnasium at the Miami Correctional Facility on August 3, 2023, when he "slipped in a puddle of water which had accumulated on the floor." ECF 1-3 at 5.[1] He remained on the floor "screaming in

---

[1] He claims the puddle was due to a "leaky roof," but he admits that no work orders had been "either submitted nor completed by the maintenance staff" as of December 13, 2023. ECF 1-3 at 6.

agony" before another inmate assisted him. *Id*. It's unclear what happened next, but it was eventually "discovered that the ligament connected to his patella tendon had been torn." *Id*. at 6. He claims he now needs to use a cane or wheelchair to move around. Based on general "literature" he was able to obtain, he believes "surgery is most definitely required." *Id*. at 6–7. He alleges "additional injuries have befallen" him since the original incident, but he doesn't describe those injuries or explain how they occurred in the body of the complaint. *Id*. at 7.[2] He claims his constitutional rights were violated because he received "no assistance from staff" for thirty minutes after he fell, and the subsequent "negligent behavior of staff such as Officers Becker and Sgt. Lambert shows just how reckless defendants behavior was." *Id*. at 8. He has sued Warden Brian English, Medical Director Leann Ivers, Officer Becker, Sgt. Lambert, the Associate Warden of Programs, and the Indiana Department of Correction for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). An officer can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an

---

[2] He attaches a grievance to the complaint dated August 14, 2023, that indicates he was transported to an outside location for a "follow up" on his knee. ECF 1-1 at 10. It states, "Due to Ofc. Becker negligence and lack of care and awareness he ran me into a concrete pillar with the leg that was already injured and hurt me worse that I'm already injured." *Id*. Another grievance dated September 4, 2023, indicates Sgt. Lambert transported him to an appointment in a "regular van" versus a wheelchair van and that he was "so uncomfortable and hurt myself getting in and out the van." *Id*. at 11.

inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

*Id.* at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Webb alleges that a leaky roof in the gymnasium caused him to slip and fall. However, in general, a fall caused by exposure to wet floors does not amount to an

3

Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"); *Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("[F]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). Sometimes there are extenuating circumstances that transform a slip and fall into an Eighth Amendment violation, but Webb hasn't described any such circumstances here. *See Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016); *Balle v. Kennedy*, 73 F.4th 545 (7th Cir. 2023). Moreover, although he alleges the maintenance workers at the prison hadn't addressed the leaky roof, he doesn't plausibly allege any of the defendants acted with deliberate indifference to the puddle. *See Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018) ("judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk").

Webb also claims he remained on the floor for thirty minutes after the fall until an inmate helped him up. However, he doesn't plausibly allege any of the defendants played a part in that delay or even witnessed the incident. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient

4

functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983.).

Finally, Webb claims the defendants were deliberately indifferent to his medical needs following his initial care. These claims are exceedingly sparse. *See, e.g.*, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)). The only healthcare worker he names as a defendant is Medical Director Ivers, and he doesn't mention her anywhere in the body of the complaint. *See Moderson*, 137 F.4th at 617; *Burks*, 555 F.3d at 594. He vaguely claims that "custody staff" displayed "gross negligence" when they transported him to outside medical facilities for additional treatment (ECF 1-3 at 7), but gross negligence doesn't state a claim. *Hildreth*, 960 F.3d at 425–26. Even if the court considers the information in the grievances Webb attached to the complaint, *see* footnote two, *supra*, Webb hasn't plausibly alleged Officer Becker or Sgt. Lambert were anything more than negligent.

This complaint does not state a claim for which relief can be granted. If Webb believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law

5

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Albert K. Webb until **March 31, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Albert K. Webb if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 24, 2026.

>　　　/s/*Cristal C. Brisco*
>　　　CRISTAL C. BRISCO, JUDGE
>　　　UNITED STATES DISTRICT COURT